John W. PORTER, Appellant,

v.

R. E. Dumas MILNER, Appellee.

No. 16270.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 8, 1961.

Kelly, Morris & Walker, and Jearl Walker, Fort Worth, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, and J. A. Gooch, Fort Worth, for appellee.

MASSEY, Chief Justice.

R. E. Dumas Milner sued John W. Porter to enforce the obligations of a contract theretofore entered into between the parties. The obligation sued upon was for the payment of $2,753.02 in Federal Income Taxes levied for the taxable calendar year of 1958.

After the issue was joined both parties moved for summary judgment, and following hearing thereof the motion of plaintiff Milner was granted, that of defendant Porter was denied. The judgment decreed that plaintiff have and recover from the defendant the sum of $2,753.02, plus interest and costs, he having paid the tax upon defendant's refusing to do so. The defendant appealed.

Judgment affirmed.

The controversy arose out of a contract entered into by the parties on December 26, 1958, whereby the appellant delivered to appellee all the capital stock of a certain life insurance company in exchange for consideration fully delivered and paid by the appellee. A portion of paragraph No. 1 of said contract reads as follows:

"It is further agreed that John W. Porter shall assume and be responsible for all contingent liabilities of The Great Chieftain National Life Insurance Company not reflected by such audit report."

Said contract further provided in paragraph No. 4:

"That John W. Porter represents that there is no liability of The Great Chieftain National Life Insurance Company other than as shown by the audit report dated December 18, 1958, which report is attached hereto and made a part hereof, and the said John W. Porter will pay any and all income and other taxes which are due and payable for the year 1958, and prior years."

By virtue of an amendment of a federal statute in 1959 the 1958 tax of The Great Chieftain National Life Insurance Company was calculable as being $2,753.02 greater than it would have been under the statute before the amendment. The parties made no attack upon the propriety of the amendment nor of its application to the 1958 income of the aforesaid company, but for purposes of this case concede that it was properly enacted, and the tax lawfully assessed and paid by appellee.

Although the contract involved was executed on December 26, 1958, appellant predicates his contention of nonliability for the amount sued for on that part of the phrase quoted from the contract which reads "John W. Porter will pay any and all income and other taxes *which are due and payable for the year 1958*, * * *." (Emphasis supplied.) As we understand appellant's contentions they are that the contract was clear and unambiguous and that the foregoing provision meant that he would pay any accrued taxes for 1958

to date of the contract, December 26, 1958.

Appellee, on the other hand, contends that the contract was clear and unambiguous and that there would be a necessary transposition of words so that those reading *"which are"* in the language quoted would be given the meaning *"to become"*, the whole material part construed as though it read "John W. Porter will pay any and all income and other taxes *to become due and payable for 1958"*.

■ We agree that the transposition of the words is proper to be made if the intent of the parties is to be effectuated, such intent being obvious and certain in our opinion. Rules of grammar underlie all legal rules applicable in the construction of contracts. 13 Tex.Jur.2d, p. 310 "Contracts", § 133 "Rules of grammar as aid to construction" (10–A Tex.Jur., p. 375, § 182).

■ A contract made before the expiration of the last day of a calendar year, providing for payment of an accruing obligation by one of the parties thereto for the entire year, would not be subject to the construction that the parties agreed only that the obligation for payment would be calculated to the date of the contract. Contrariwise, had the contract provided for payment by one of the parties thereto of the amount due and payable on an accruing obligation such would not be subject to the construction that the parties agreed to pay the total amount to become due for the calendar year. The parties having provided for appellant's payment of all taxes for 1958, it follows that the language of the contract in the respect under consideration was grammatically inept, requiring the transposition of words so that the phrase considered, and the paragraph in which it appears, be treated as though it read "John W. Porter will pay any and all income and other taxes to become due and payable for 1958".

Judgment is affirmed.